2004 UT App 150

**Sheri Colleen PETT, Plaintiff and Appellant,**

v.

**FLEET MORTGAGE CORPORATION, Washington Mutual Bank, Defendants and Appellees.**

**No. 20030392–CA.**

Court of Appeals of Utah.

May 6, 2004.

Filia H. Uipi, Salt Lake City, for Appellant.

Marlon L. Bates and William G. Wilson, Scalley & Reading, Salt Lake City, for Appellees.

Before BILLINGS, P.J., GREENWOOD and JACKSON, JJ.

## OPINION

JACKSON, Judge:

¶ 1 Sheri Colleen Pett (Pett) appeals the decision below granting Washington Mutual Bank's (Washington Mutual) motion for dismissal under rule 12(b)(6) of the Utah Rules of Civil Procedure. We affirm.

## BACKGROUND

¶ 2 In November 2001, Pett attempted to pay off a loan that had previously encumbered a piece of property that she owned in Box Elder County. The loan was secured by a trust deed on the property, with Washington Mutual designated as the beneficiary of the trust deed.

¶ 3 After delivering a check for the balance of the loan to Washington Mutual's counsel, Pett requested that Washington Mutual provide her with a deed of reconveyance. Washington Mutual refused, instead choosing to send Pett a packet of documents that, among other things: (i) purported to release Washington Mutual's interest in the property; (ii) requested that the trustee file a deed of reconveyance to Pett; and (iii) instructed Pett on how to appoint a substitute trustee should she be unable to locate the original trustee. On August 19, 2002, the trustee reconveyed the property to Pett.

¶ 4 On September 13, 2002, Pett filed a complaint against Washington Mutual. Pett raised two separate causes of action. Pett first argued that, under the terms of Utah Code Annotated section 57–1–38 (2000), Washington Mutual was required to reconvey the property to her within ninety days of her payment. Pett next asserted that Washington Mutual's refusal to reconvey the property within ninety days constituted a slander of title and that an order quieting title was necessary.

¶ 5 On November 8, 2002, Washington Mutual filed a motion to dismiss under rule 12(b)(6) of the Utah Rules of Civil Procedure. Pett opposed this motion to dismiss, and, in turn, filed her own motion for summary judgment. Washington Mutual responded by filing a motion opposing Pett's motion for summary judgment and by filing a separate motion asking the court to disqualify Pett's attorney, Charles A. Schultz (Schultz). According to Washington Mutual, Schultz had entered into an agreement with Washington Mutual's prior attorney in which Schultz had

agreed that Washington Mutual's release procedures would be acceptable.

¶ 6 On March 3, 2003, the district court entered an order addressing each of the outstanding motions. After first denying Pett's motion for summary judgment, the court then granted Washington Mutual's motion to disqualify Schultz. Finally, the court granted Washington Mutual's motion to dismiss. The court's dismissal was predicated on three analytically distinct conclusions: first, the court determined that section 57–1–38 does not require a beneficiary to file a deed of reconveyance within ninety days; second, the court determined that Washington Mutual had successfully "released" the property to Pett and had therefore satisfied its obligations under Utah Code Annotated section 57–1–38; and third, the court determined that Washington Mutual was protected under the statutory defense provided in section 57–1–38(4). Pett appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 7 Pett argues that the trial court erred in granting Washington Mutual's motion to dismiss. "When reviewing a dismissal based on rule 12, an appellate court must accept the material allegations of the complaint as true, and the trial court's ruling should be affirmed only if it clearly appears that [the plaintiff] can prove no set of facts in support of his [or her] claim." *Colman v. Utah State Land Bd.*, 795 P.2d 622, 624 (Utah 1990).[1]

## ANALYSIS

### I. The Propriety of a Rule 12(b)(6) Dismissal

¶ 8 Pett argues that the trial court erred in granting Washington Mutual's motion to dismiss for failure to state a claim. According to Pett, the trial court's dismissal was based on its acceptance of various factual allegations made by Washington Mutual; as such, Pett argues that a dismissal under rule 12(b)(6) was improper. We disagree.

¶ 9 Pett's complaint was expressly predicated on her repeated assertion that Washington Mutual was statutorily required to *reconvey* the property to her upon receipt of her payment. In her complaint, Pett thus argued that "[t]he defendants are required by the provisions of [section] § 57–1–38(3) to file a *reconveyance of trust deed* to Ms. Pett within [ninety] days of the date she paid, in full, the stipulated settlement amount to … Washington [Mutual]." (Emphasis added.) Pett's assertion that a full reconveyance was required is repeated throughout the rest of her complaint. Pett did not identify an alternate statutory ground under which Washington Mutual could have been held liable.

¶ 10 In granting Washington Mutual's motion to dismiss, the trial court first stated that, "[a]fter a diligent search, the court is unable to find the word 'reconvey' in that section of the Code. The Code says only that the holder of a security interest must '*release* the security interest on a secured loan within [ninety] days after receipt of the final payment.'" (Citation omitted.) We have reviewed the applicable law, and have determined that the trial court's legal determination was correct. As noted by the trial court, section 57–1–38(3) only states that liability is incurred when a beneficiary fails to "*release* the security interest on a secured loan within [ninety] days after receipt of the final payment of the loan." (Emphasis added.) There is no mention anywhere in that provision of a requirement that the beneficiary effectuate an actual reconveyance. Instead, the statutes clearly indicate that the duty to reconvey is a separate duty that affirmatively lies with the trustee, not with the beneficiary. *See* Utah Code Ann. § 57–1–33.1(1)(a) (2000) ("When an obligation secured by a trust deed has been satisfied, the trustee shall, upon written request by the beneficiary, reconvey the trust property.").

¶ 11 Washington Mutual has at all times asserted that its position with respect to this

---

1. Because of our conclusion that dismissal was appropriate, we need not reach the question of whether the trial court erred in disqualifying Schultz from further participation in the litigation. Further, because Pett has not affirmatively challenged the trial court's denial of her own motion for summary judgment, we need not consider her argument that the trial court erred in denying her motion to strike Washington Mutual's response to her motion for summary judgment.

trust deed was that of beneficiary; Pett has not at any point challenged that assertion. As such, Pett's claim that Washington Mutual was statutorily required to reconvey the property to her is incorrect.

¶ 12 Dismissal under rule 12(b)(6) is appropriate where there is a "failure to state a claim upon which relief can be granted." "A rule 12(b)(6) motion to dismiss admits the facts alleged in the complaint but challenges the plaintiff's right to relief based on those facts." *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991). Here, regardless of what facts the trial court may have relied upon, the fatal flaw in Pett's complaint was that her legal theory had no statutory support. In other words, because her complaint was entirely and exclusively dependent on a misunderstanding of Washington Mutual's legal obligations toward her, the trial court simply had no recourse but to conclude that she had failed to plead a cognizable and actionable claim. As such, we affirm the trial court's dismissal of her complaint.[2]

## II. The Conversion Requirement of Rule 12(b)

¶ 13 As noted above, the trial court's order of dismissal was also predicated on its conclusions (i) that, as a matter of law, Washington Mutual had released its security interest as required by section 57–1–38(3) and (ii) that Washington Mutual had satisfied the statutory elements for the liability defense provided for in section 57–1–38(4). In their briefs, both Pett and Washington Mutual have argued that these two rulings necessari-

ly involved the trial court's consideration of "matters outside the pleadings." As such, the parties argue that a conversion occurred and that we should therefore treat the rule 12(b)(6) dismissal as a grant of summary judgment under rule 56 of the Utah Rules of Civil Procedure. *See generally* Utah R. Civ. P. 12(b). The parties differ, however, in their conclusions regarding the effect of this conversion. Pett argues that, insofar as she was not granted "reasonable opportunity to present all material made pertinent to such a motion by [r]ule 56," the conversion was prejudicial and that the dismissal should therefore be overturned. Washington Mutual, however, argues Pett did receive proper opportunity for response and that we should accordingly treat the trial court's dismissal as a proper and valid dismissal under rule 56.

¶ 14 As discussed above, we do not think that the trial court's rulings with respect to either Washington Mutual's alleged "release" under section 57–1–38(3) or Washington Mutual's qualification for the affirmative defense provided for in section 57–1–38(4) were necessary for dismissal. Because the legal foundation for Pett's complaint was fatally flawed, dismissal was legally required, *regardless* of whether sections 57–1–38(3) or 57–1–38(4) were satisfied. Thus, those portions of the trial court's opinion dealing with those defenses were legally superfluous and should be recognized as dicta. As such, we hold that any error that occurred because of the trial court's consideration of materials outside the pleadings was harmless.[3]

¶ 15 Accordingly, we affirm.

First, contrary to Pett's assertions, conversion in this case was not barred the requirement of rule 12(b) of the Utah Rules of Civil Procedure that a "reasonable opportunity" to respond be provided to the non-moving party. As noted by our supreme court in *DOIT, Inc. v. Touche, Ross & Co.*, a sua sponte conversion of a rule 12(b)(6) motion to dismiss into a motion for summary judgment under rule 56 of the Utah Rules of Civil Procedure is appropriate if "all parties submitted extraneous materials and neither plaintiffs nor defendants are prejudiced." 926 P.2d 835, 838 n. 3 (Utah 1996). Here, Pett's own pleadings and motions were supported by multiple attachments providing extraneous materials to the court. More importantly, Pett filed her own rule 56 motion for summary judgment prior to the trial court's consideration of Washington Mutual's

2. We note that though Pett made passing references to Washington Mutual's failure to release its interest in the property at various points in the pleadings and motions, Pett never affirmatively moved to amend her complaint to include such an alternate theory. Pett's few, scattered references to the release requirement of Utah Code Annotated section 57–1–38(3) (2000) in the pleadings and motions were always accompanied by language insisting that relief was ultimately appropriate because of Washington Mutual's failure to reconvey the property.

3. Even were we to conclude, however, that the trial court's consideration of materials outside the pleadings was relevant to the final disposition of this case, we would still conclude that dismissal was appropriate.

¶ 16 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and PAMELA T. GREENWOOD, Judge.

rule 12 motion to dismiss. As such, Pett can hardly argue that she was unaware that the trial court might consider outside materials in its decision-making process, nor can she argue that she was prejudiced thereby.

Second, summary judgment in this case would ultimately have been appropriate for the same reason that a rule 12 dismissal was appropriate: regardless of what facts were or were not alleged, Pett's claim that Washington Mutual was required to reconvey the property to her simply fails as a matter of law. Thus, even were we to hold that the trial court's rule 12 dismissal should be converted to a rule 56 summary judgment ruling, we would still affirm the dismissal.